Moncure, P.,
delivered the opinion of the court.
After stating the case he proceeded as follows:
The court is of opinion that the circuit court erred in deciding that the complainant on the one hand, and the defendant on the other, when the note of Wat. H. Tyler and Thomas S. Rice was assigned by the defendant to the complainant, “without recourse,” contemplated only the risk of the solvency or insolvency of the maker and endorser of the said note; and in rendering a decree that the said defendant pay to the complainant the amount of said note with interest and costs, as mentioned in the said decree. The bill and answer were filed on the same day; whereupon, on motion of the complainant and by consent of parties, it was ordered that the cause be put upon the argu *888 ment docket. And afterwards, the cause came on to be heard upon the bill and answer only, without any evidence, and without any replication to the answer. In such a case, the facts stated in the answer in relation to the controversy, whether responsive to the bill or not, must be taken to be true. 2 Bob. Old Pr., p. 312, and the cases there cited.
But it is stated as a fact in the bill as well as in the answer, that the assignment aforesaid was “without recourse;” and the question is whether these words are to he construed in this case according to their literal sense, at least so far as to embrace the risk in regard to the sufficiency of proof of the dishonor of the note to charge the endorser; or in the restricted or limited sense in which they were construed by the circuit court?
This court is of opinion that they ought to be construed in their literal sense, at least so far as to embrace the said risk, and not in the restricted and limited sense aforesaid; and that such was the manifest intention of the parties.
The ground on which the circuit court held that the endorser of the said note was not liable, to wit: the supposed insufficiency of proof in regard to notice of the dishonor of the note to the said endorser; was as •well known to William B. Dozier, and to John Gloodridge, his trustee, the transferee of the note, as to Grustavus Ober the transferer. The former two lived in the county of Westmoreland, where lived also the maker and endorser of the note; and where, too, the note was made and endorsed; though it was payable and negotiable at the Bank of Baltimore. At the time of the transfer, an action had been brought by said Ober against the said maker and endorser of said note in the circuit court of said county, and *889 was then pending in said court, and the plaintiff in the action had filed his declaration therein; and with it, as evidence of the presentation and demand of payment and dishonor of the note, and notice thereof to the endorsers, the notarial certificate of protest, &c., which has ever since remained on file among the papers in the said action. This evidence was seen and known to the said Goodridge and Dozier at the time of the transfer of the said note to them by the said Ober; the said note being then on file among the papers of the said action, and remaining there after the transfer. The said transferees became thereafter the beneficiaries •in the said action, and prosecuted the same in the name •of the said Ober for their own use, upon the evidence which had been filed by him to establish his right to recover in the action, both against the maker and endorser. No doubt the same attorney who brought the ■action for Ober continued to prosecute it for Good-ridge and Dozier after the transfer, and until it was ■determined. There is no affirmative evidence of this fact in the record, but it may well be presumed, in the absence of evidence to the contrary. The fact no doubt is, that the doubt or difficulty in regard to the sufficiency of proof as to the notice of dishonor to •charge the endorser, was the cause of the resistance by the endorsers of the demand against them, upon this and other notes of the same kind held by Ober, and of the necessity for the actions which were •brought upon them against the said endorsers. And the risk arising from that vexed question was, no ■doubt, the very risk which induced Ober to transfer the notes “ without recourse,” in consideration of the purchase of the land. For he expressly says in his answer, that the land was of not more than half the value of the bonds transferred; if their amount had *890 been guaranteed. The amount of the notes was--$4040.41; and it seems that four of them, amounting to $1,728.05, had already been paid when the bill was filed in this case. Ober in his answer-says, ' that “ even if the complainant should fail to-realize the amount of Tyler’s note, the bargain has-been very profitable tq the said Dozier.” That the question in regard to the sufficiency of the proof off notice to charge the endorser was a vexed one, is plainly evident from the record. The circuit court so-considered it, and held the case under advisement until another term after it was submitted, and the judgment-when rendered was excepted to, no doubt by the beneficiary plaintiff who then had charge of the action, and who seems by such exception to have then contemplated applying for a writ of error and supersedeas to the judgment. But he never did so.
It is plain that Ober intended by the transfer of the-note “ without recourse;” that those words should include the risk in question, and they sufficiently express, his intention. If the transferee intended that they should be used in this instance in the restricted and; limited sense now contended for by him, he should have taken care to express his meaning, or have it expressed in plain and unmistakable words.. But he manifestly did not so intend.
We deem it unnecessary to comment on the eases referred to by the learned counsel in their notes off argument in this case. There is nothing in any off them in conflict with the views we have expressed; and both of the two cases mainly relied on by the said counsel respectively, to wit: Crawford v. McDonald, 2 Hen. & Mun. 189, by the counsel for the appellant; and Mays v. Callison, 6 Leigh 230, by the counsel for-the appellees, sustain these views.
*891 The decision of the question we have just been considering is, in effect, a decision of this case; and we need not consider any of the other questions arising in it, although there are several others.
The court is therefore of opinion that the decree is erroneous for the reasons aforesaid, and that it ought to be reversed and the bill dismissed.
Decree reversed.